**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff,*
Jackie Winters

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JACKIE WINTERS, individually and on behalf of all others similarly situated,** | Case No.: '16CV2347 BAS BGS |
| Plaintiff, | **CLASS ACTION** |
| v. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.** |
| **CARDINAL FINANCIAL COMPANY, LIMITED PARTNERSHIP,** | |
| Defendant. | **Jury Trial Demanded** |

**Introduction**

1.    Jackie Winters ("Plaintiff"), on behalf of himself and all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Cardinal Financial Company, Limited Partnership ("Cardinal" or "Defendant").

2.    Defendant, in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone despite Plaintiff being registered with the National Do Not Call Registry, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

3.    Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

4.    The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6.    As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

### Jurisdiction and Venue

7.    This action arises of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 277, et seq. ("TCPA").

8.    Because Defendant conducts business within the State of California, personal jurisdiction is established.

9.    Venue of this particular Court is proper because Defendant does business within the state of California and San Diego County pursuant to 18 U.S.C. §1391(b) and 18 U.S.C. § 1441(a).

### Parties

10.   Plaintiff is, and at all times mentioned herein was, a resident of the State of California.

11.   Plaintiff is, and at all times mentioned herein was, a "person" as defined by

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

47 U.S.C. § 153 (39).

12.  Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a limited partnership formed in Pennsylvania, with members located in New York, New York.

13.  Defendant is, and at all times mentioned herein was, a limited partnership and a "person," as defined by 47 U.S.C. § 153 (39).

14.  At all times relevant, Defendant conducted business in the State of California, within this judicial district.

**Factual Allegations**

15.  Beginning in or around November of 2015, Defendant contacted Plaintiff on his telephone ending in 0109 and his phone ending in 5544, in an effort to sell or solicit its services via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

16.  Because Plaintiff's home and business are tied to both phone numbers 0109 and 5544, the numbers will both ring whenever one number is called.

17.  This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18.  The calls from Defendant came from the phone number 818-792-5060.

19.  Plaintiff is not a customer of Defendant's services, has never provided any personal information, including his business telephone number, to Defendant for any purpose whatsoever, nor has Plaintiff purchased or used any goods or services offered by Defendant at any time prior to the filing of the instant complaint.

20.  Furthermore, Plaintiff has had his telephone number ending in 0109 continuously registered with the National Do Not Call Registry since July 10, 2003, and his phone number ending in 5544 continuously registered with the National Do Not Call Registry since July 2, 2003.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

21.   Both Plaintiff's numbers 0109 and 5544 are connected to Plaintiff's home and business.

22.   When Plaintiff answered Defendant's phone calls, there was either a high-pitched noise on the other end of the phone or silence indicating that an ATDS was in use.

23.   Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

24.   The telephone numbers which Defendant called was assigned to a telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25.   The telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26.   The telephone call by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

27.   Through Defendant's action, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

28.   Plaintiff was personally affected because he was frustrated and distressed that despite him telling Defendant to stop calling him on his cell phone, Defendant continued to harass Plaintiff with solicitation calls using an ATDS.

29.   Defendant's calls forced Plaintiff to live without the utility of his cellular phones by forcing Plaintiff to silence their cellular phones and/or block incoming numbers.

## Class Allegations

30.   Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated (the "Class").  The proposed Class that Plaintiff seeks to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

represent are defined as follows:

> All persons within the United States who, within the four years prior to the filing of this Complaint, received any sales or solicitation telephone calls from Defendants to said person's telephone who had registered said telephone with the National Do Not Call Registry and who had not maintained a business relationship with Defendants within four (4) years of receiving Defendants' calls.

31. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who, within the four years prior to the filing of this Complaint, received any sales or solicitation telephone calls from Defendants to said person's telephone who had registered said telephone with the National Do Not Call Registry and who had not maintained a business relationship with Defendants within four (4) years of receiving Defendant's calls.

32. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

33. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

34. Plaintiff and members of the Class were harmed by the acts of Defendant in

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

at least the following ways:

- Defendants illegally contacted Plaintiff and Class members via their telephones despite Plaintiff and The Class invoking their rights afforded by the National Do Not Call Registry to be free of unwanted telemarketing calls at their private residences, thus invading the privacy of said Plaintiff and Class members.

- Defendant illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid.

35. There is a well-defined community of interest in the questions of law   and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

- Whether, within four years prior to the filing of this Complaint, Defendants made any sales or solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member who had registered his or her telephone on the Do Not Call Registry and who did not have a business relationship with Defendant within four (4) years prior to receiving said calls;

- Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

- Whether Defendant should be enjoined in engaging in such conduct in the future.

36.  As a person who received sales/solicitation calls from Defendants on a telephone number registered with the Do Not Call Registry and who had no

previous business relationship with Defendants, Plaintiff is asserting claims that are typical of the Class.

37.  Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

38.  Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions under the Telephone Consumer Protection Act.

39.  A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

40.  This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41.  Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1 relief with respect to the Class as a whole.

2

**First Cause of Action**

**Negligent Violations Of The**

**Telephone Consumer Protection Act (TCPA)**

**47 U.S.C. 227**

- Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

- The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**Second Cause of Action**

**Knowing and/or Willful Of The**

**Telephone Consumer Protection Act (TCPA)**

**47 U.S.C. 227**

- Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

- Plaintiff made several requests for Defendant to stop calling his cell phone, which included two certified letters and three faxes to Defendant.

- The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### Prayer For Relief

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### First Cause of Action for Negligent Violation of the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Second Cause of Action For Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Trial By Jury

- Pursuant to the seventh amendment to the Constitution of the United

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted,

DATED: September 16, 2016        **KAZEROUNI LAW GROUP, APC**


By:    *s/ Abbas Kazerounian*
                ABBAS KAZEROUNIAN, ESQ.
                MONA AMINI, ESQ.
                ATTORNEYS FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626